**NOT FOR PUBLICATION**

NOV 25 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HORACIO ECHEVARRIA-BARAJAS, | No. 13-73980 |
| Petitioner, | Agency No. A087-777-553 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Horacio Echevarria-Barajas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that, even if Echevarria-Barajas was credible and filed a timely asylum application, he failed to establish past persecution in Mexico. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'"). Substantial evidence also supports the BIA's conclusion that Echevarria-Barajas failed to demonstrate a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009) (petitioner failed to establish the objective component of a well-founded fear of future persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). We reject Echevarria-Barajas' contention regarding a pattern or practice of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009) (explaining requirements for establishing a pattern or practice of persecution claim). We lack jurisdiction to consider Echevarria-Barajas' contention regarding "other serious harm" because he did not

13-73980

raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Echevarria-Barajas' asylum claim fails.

Because Echevarria-Barajas did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of Echevarria-Barajas' CAT claim because he failed to establish it is more likely than not he would be tortured if returned to Mexico. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

Finally, we lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**